J-S01012-20

2020 PA Super 119

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :             PENNSYLVANIA
                                        :
                 v.                        :
                                        :
                                        :
KELSEY PAMMER                     :
                                        :
                 Appellant          :     No. 1356 EDA 2019

Appeal from the Order Entered April 1, 2019
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0005565-2018

BEFORE: BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.[*]

OPINION BY BOWES, J.:                          **FILED MAY 20, 2020**

Kelsey Pammer appeals from the pre-trial order denying her motion to dismiss charges of driving under the influence ("DUI") of a controlled substance[1], possession of cocaine[2], possession of methamphetamine[3], and possession of drug paraphernalia[4] under Pennsylvania's compulsory-joinder rule at 18 Pa.C.S. § 110. After careful review, we reverse the order and remand the case for further proceedings consistent with this opinion.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(D)(2), general impairment – first offense.

[2] 35 Pa.C.S. § 780-113(A)(16), an ungraded misdemeanor.

[3] 35 Pa.C.S. § 780-113(A)(16), an ungraded misdemeanor.

[4] 35 Pa.C.S. § 780-113(A)(32), an ungraded misdemeanor.

On October 24, 2018, Officer Kevin Azar of the South Whitehall Township Police Department responded to a motor vehicle accident at Mauch Chunk Road in Lehigh County. Appellant was a driver involved in the accident and was transported to a local hospital for treatment. During the cleanup of the roadway and Appellant's vehicle, officers discovered three clear bags on the floor of the passenger side of the vehicle. Two of the bags field-tested positive for cocaine, and the third field-tested positive for methamphetamines. An analysis of Appellant's blood, which was obtained through a search warrant, revealed the presence of cocaine. A criminal complaint was filed charging Appellant with the above captioned crimes.

Officer Azar issued a separate citation for reckless driving, a summary offense, in the same October 24, 2018 incident. On December 4, 2018, Appellant appeared before a magisterial district judge, entered a guilty plea to the summary charge of reckless driving, and a sentence was imposed. Appellant waived her preliminary hearing on the DUI and related offenses. Thereafter, on the date of her formal arraignment, she filed an omnibus pretrial motion seeking dismissal of the DUI and related offenses pursuant to Pennsylvania's compulsory joinder statute. *See* 18 Pa.C.S. § 110.

A hearing on Appellant's motion was held on March 27, 2019, at which Officer Azar testified that he "accidentally pushed a button" while filing the criminal charges that generated a separate summary offense citation. *See* N.T. Hearing, 3/27/19, at 6. The Commonwealth argued that because reckless driving and DUI contain independent elements that the

- 2 -

Commonwealth must prove in order to achieve convictions, prosecution should not be barred. The trial court agreed and issued an order and opinion denying the motion to dismiss. This interlocutory appeal immediately followed without an order seeking compliance with Pa.R.A.P. 1925.[5]

Appellant raises the following issue for our review: "Should the charges against [Appellant] have been dismissed pursuant to [s]ubsection 110(1)(ii) of Pennsylvania's compulsory joinder statute based on the prior adjudication of her summary traffic offense?" Appellant's brief at 4.

Our standard of review of a motion to dismiss on the basis of compulsory joinder principles pursuant to § 110 is *de novo*, and the scope of our review is plenary. **See Commonwealth v. Perfetto**, 207 A.3d 812, 821 (Pa. 2019) ("**Perfetto II**"). The compulsory joinder rule states in relevant part:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> > (1) The former prosecution resulted in an acquittal or in a conviction . . . and the subsequent prosecution is for:

---

[5] As a general rule of Pennsylvania law, a defendant has the right to an immediate appeal from an order denying a pretrial motion to dismiss on double jeopardy grounds. **Commonwealth v. Orie**, 22 A.3d 1021, 1024 (Pa. 2011); **Commonwealth v. Gross**, \_\_\_ Pa.Super. \_\_\_, 375 EDA 2016 (filed April 29, 2020) (*en banc*); **see also** Pa.R.A.P. 313, *Official Note* (an order denying a double jeopardy motion that makes no finding of frivolousness is a collateral order). Here, the trial court found that "the matter is immediately appealable as a collateral order." **See** Trial Court Order, 4/1/19. Thus, the interlocutory appeal was filed properly and Appellant may seek review.

> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(1)(ii). Our Supreme Court has distilled this statute into a four-part test to determine if prosecution is appropriately barred: (1) the former prosecution must have resulted in an acquittal or conviction; (2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution; (3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and (4) the current offense occurred within the same judicial district as the former prosecution. *Perfetto II*, *supra* at 821.

Appellant argues that these four prongs are easily met here. First, the former prosecution of the traffic offense resulted in a conviction, more specifically, a guilty plea to reckless driving. *See* Appellant's brief at 13. Second, the DUI prosecution was based upon the same criminal episode, namely a motor vehicle accident in the 1800 block of Mauch Chunk Road on October 24, 2018. *Id*. at 14-15. Third, the prosecutor was aware of the instant charges, since the citation for the summary traffic offense was issued at the same time and by the same officer as the criminal complaint. *Id*. at

15. Finally, all of the offenses occurred within the same judicial district of Lehigh County. *Id*. at 17.

The Commonwealth originally invoked a line of cases beginning with ***Commonwealth v. Beatty***, 455 A.2d 1194, 1198 (Pa. 1983) (holding that traffic violations under the Motor Vehicle Code are excluded from the remit of the compulsory joinder rule pursuant to § 110(2)(ii)), and contended that because the charges require proof of different elements, dual prosecutions were not barred by the compulsory joinder statute. However, the Commonwealth now concedes that our Supreme Court's holding in ***Perfetto II*** extinguished its previous argument. ***See*** Commonwealth's brief at 9.

In ***Commonwealth v. Perfetto***, 169 A.3d 1114 (Pa.Super. 2017) (*en banc*), the defendant was cited for a summary offense, charged separately with three counts of DUI, and found guilty of the summary offense in the traffic division of the Philadelphia Municipal Court. After a preliminary hearing, the defendant's DUI charges were bound over for trial and he filed a motion to dismiss based on the compulsory joinder rule. The trial court granted the motion and dismissed the DUI charges; the Commonwealth appealed. This Court reversed the trial court, concluding that because the defendant's summary traffic offense could only be tried in the traffic division of the Philadelphia Municipal Court, the subsequent prosecution for the DUI charges did not run afoul of the compulsory joinder rule. ***Id***. at 1124-25.

Our Supreme Court disagreed. In **Perfetto II**, it explained that while the traffic division of the Philadelphia Municipal Court had limited jurisdiction to consider only summary traffic offenses, the general division of the Philadelphia Municipal Court had jurisdiction to adjudicate any matter that was properly before it. **Perfetto II**, **supra** at 822-23. Therefore, because the Commonwealth could have proceeded on all of the charges before the general division of municipal court and did not do so, it was precluded from prosecuting the defendant for his remaining charges.

As a result of the holding in **Perfetto II**, the Commonwealth now seeks to continue its DUI prosecution of Appellant by utilizing an exception to § 110, codified at 18 Pa.C.S. § 112 and applied in **Commonwealth v. Johnson**, 221 A.3d 217 (Pa.Super. 2019). **See** Commonwealth's brief at 11. Section 112 provides, in relevant part, that a former "prosecution is not a bar within the meaning of section 109 of this title . . . through 111 of this title . . . [if t]he former prosecution was before a court which lacked jurisdiction of the defendant or the offense." 18 Pa.C.S. § 112(1).

In **Johnson**, the defendant was charged with driving with a suspended license, possession of heroin, and possession with intent to deliver heroin ("PWID"). Before bringing the drug charges in the Philadelphia Court of Common Pleas, the Commonwealth tried and convicted the defendant of the summary offense in the traffic division of the Philadelphia Municipal Court. The defendant moved to dismiss the drug charges on the grounds that the

- 6 -

Commonwealth was required to try all of his offenses simultaneously under 18 Pa.C.S. § 110.  The trial court refused to dismiss the drug charges.  While the defendant's appeal was pending, **Perfetto II** was decided.  Applying **Perfetto II** to the facts before it, the **Johnson** Court affirmed the trial court, concluding that the prosecution of the PWID charge in the court of common pleas was not barred by 18 Pa.C.S. § 110 because it met the § 112(1) exception.

In order to determine whether the defendant's former prosecution occurred before a court that had jurisdiction to decide the remaining charges, the **Johnson** Court engaged in a statutory analysis of the provisions that govern the jurisdiction of the Philadelphia Municipal Court.  Importantly, its review revealed that, under 42 Pa.C.S. § 1123(a)(2),[6] the Philadelphia Municipal Court's jurisdiction was limited to the consideration of criminal offenses where the maximum length of incarceration upon conviction was five years.  Since Appellant faced a maximum potential sentence of fifteen years' incarceration if convicted of the PWID charge, the **Johnson** Court concluded that the Philadelphia Municipal Court did not have jurisdiction to decide the PWID charge.  Accordingly, the court of common pleas could properly assert its separate, original jurisdiction over that charge under § 112(1).

_____

[6] "[T]he Philadelphia Municipal Court shall have jurisdiction of . . . . Criminal offenses by any person (other than a juvenile) for which no prison term may be imposed or which are punishable by imprisonment for a term of not more than five years. . . ."  42 Pa.C.S. § 1123(a)(2).

While 42 Pa.C.S. § 1123(a)(2) clearly does not apply to Lehigh County, we find the approach taken by the ***Johnson*** Court instructive. Accordingly, we now proceed to consider whether Appellant's former prosecution occurred before a court that lacked jurisdiction for the DUI, possession, and possession of drug paraphernalia charges.

Appellant relies exclusively upon § 110 and has not filed a reply brief to contest the Commonwealth's new assertion of an exception to ***Perfetto II*** under § 112. However, the Commonwealth argues that it can proceed on all of the charges because, consistent with ***Johnson***, ***supra***, the magisterial district judge in Lehigh County did not have jurisdiction over any of Appellant's other pending charges under 42 Pa.C.S. § 1515. ***See*** Commonwealth's brief at 13-14. We disagree.

Pursuant to 42 Pa.C.S. § 1515, magisterial district judges have jurisdiction over summary offenses, certain third-degree misdemeanors, and some additional offenses under the following circumstances:

> (5) Offenses under 75 Pa.C.S. § 3802 (relating to driving under influence of alcohol or controlled substance), if the following criteria are met:
>
>> (i) The offense is the first offense by the defendant under such provision in this Commonwealth.
>>
>> (ii) No personal injury (other than to the defendant) resulted from the offense.
>>
>> (iii) The defendant pleads guilty.

(iv) No property damage in excess of $500 other than to the defendant's property resulted from the violation.

(v) The defendant is not subject to the provisions of Chapter 63 (relating to juvenile matters).

(vi) The arresting authority shall cause to be transmitted a copy of the charge of any violation of 75 Pa.C.S. § 3802 to the office of the clerk of the court of common pleas within five days after the preliminary arraignment.

In determining that the above criteria are met the magisterial district judge shall rely on the certification of the arresting authority. Certification that the criteria are met need not be in writing. Within ten days after the disposition, the magisterial district judge shall certify the disposition to the office of the clerk of the court of common pleas in writing.

. . . .

(6)(i) Offenses under Title 18 (crimes and offenses), Title 30 (fish) and Title 35 (health and safety) which are classified as misdemeanors of the third degree, if the following criteria are met:

(A) The misdemeanor is not the result of a reduced charge.

(B) Any personal injury or property damage is less than $500.

(C) The defendant pleads guilty.

(D) The defendant is not subject to the provisions of Chapter 63.

42 Pa.C.S. § 1515(a)(5), (a)(6). Notably, "ungraded misdemeanors" or "[a] crime declared to be a misdemeanor, without specification of degree" is considered to be a misdemeanor of the third degree. 18 Pa.C.S. § 106(b)(9).

Finally, "while statutes generally should be construed liberally, penal statutes are always to be construed strictly, 1 Pa.C.S. § 1928(b)(1), and any ambiguity in a penal statute should be interpreted in favor of the defendant." *Commonwealth v. Shiffler*, 879 A.2d 185, 189 (Pa. 2005).

Although Appellant was charged with a first-offense DUI, the Commonwealth contends that the magisterial district judge lacked jurisdiction to decide this DUI because Appellant injured the driver in the vehicle that she struck. *See* Commonwealth's brief at 15-16. Further, the Commonwealth asserts that there is a "longstanding general practice" that magisterial district judges do not hear DUI cases because they lack sufficient information at the preliminary hearing stage to determine if the defendant had previously committed prior offenses under that statute. *Id*. at 16. Finally, the Commonwealth contends that it may continue with the prosecution of drug paraphernalia and possession because they are ungraded misdemeanors and § 1515 does not confer jurisdiction on magisterial district judges to handle ungraded misdemeanor cases.

There is no evidence in the record to support any of the Commonwealth's contentions. Since Appellant waived her preliminary hearing, the only facts that have been adduced are contained in the affidavit of probable cause, which states in its entirety as follows:

> 1.   Your affiant, Kevin Azar, is a duly sworn Police Officer employed by South Whitehall Twp. PD, since 2017. Currently holding the rank of patrol officer.

2.      On October 24th, 2018 at approximately 1600 hours.  Your affiant responded to Mauch [C]hunk Rd for a motor vehicle accident.  A Blue Pontiac Sunfire, PA reg [. . . .] was involved in an accident on Mauch Chunk Rd.  The operator drove into oncoming traffic and struck another vehicle.

3.      The defendant Kelsey Pammer was pinned under the steering wheel and had to be extracted and taken to Lehigh Valley Cedar Crest by Cetronia Ambulance.  During the cleanup of the vehicle in the roadway, 3 small clear bags were found on the floor of the passenger side of Pammer[']s vehicle.  Two bags field tested positive for Cocaine, and 1 bag field tested positive for Meth.

4.      A search warrant for legal blood was drafted and approved by Chief ADA Renee Smith.  Results yielded 66 ng/ml for Cocaine.

Affidavit of Probable Cause, 11/19/18.

Stated simply, there is no information in this recitation indicating that anyone other than Appellant was injured.  Furthermore, the Commonwealth's second contention does nothing to support its argument.  If the magisterial district judge had subject matter jurisdiction over the other charges against Appellant and simply declined to exercise it according to a "longstanding practice," then § 112 has not been met.  It is axiomatic that "[a]ny issue going to the subject matter jurisdiction of a court or administrative tribunal to act in a particular matter is an issue that parties cannot waive by agreement or stipulation, estoppel, or waiver." *Step Plan Services, Inc. v. Koresko*, 12 A.3d 401, 417 (Pa.Super. 2010).

Finally, "ungraded misdemeanors" are third-degree misdemeanors. *See* 18 Pa.C.S. § 106(b)(9).  Appellant was charged with three ungraded misdemeanors:  possession of cocaine, possession of methamphetamine, and

- 11 -

possession of drug paraphernalia. Therefore, the magisterial district judge also enjoyed limited jurisdiction over these third-degree misdemeanor narcotics charges pursuant to Pennsylvania statute if the requirements of 42 Pa.C.S. § 1515(6)(i) were met. Accordingly, the Commonwealth's bald assertion that the magisterial district judge lacked jurisdiction over these charges, without any specific argument pursuant to § 1515(6)(i), is unsupported.

In the absence of any authority or evidence from the Commonwealth establishing that the magisterial district judge lacked jurisdiction under § 1515(5) and (6)(i), we cannot conclude that the Commonwealth has met its burden of establishing the applicability of the exception to the compulsory joinder statute enunciated at § 112. As detailed above, the certified record is devoid of the necessary facts the Commonwealth would need in order to meet the requirements of § 1515. Furthermore, the Commonwealth's statutory analysis does not address all of the requirements listed in § 1515(5) and (6)(i).

Accordingly, since the Commonwealth has not sustained its burden with respect to § 112, we are constrained to conclude that the compulsory joinder statute as interpreted by *Perfetto II* compels dismissal of the DUI and related charges.

Order reversed. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

- 12 -

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/20/2020*