J-S46045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JALIL COOPER | : | No. 566 EDA 2016 |

Appeal from the Order Entered January 15, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014102-2011

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:          **FILED NOVEMBER 23, 2021**

In this matter on remand from our Supreme Court for the second time, the Commonwealth appeals from the order entered in the Court of Common Pleas of Philadelphia County granting Appellee Jalil Cooper's motion to dismiss misdemeanor and felony charges pursuant to the compulsory joinder rule, which is set forth at Section 110 of the Crimes Code, 18 Pa.C.S. § 110.  For the reasons set forth below, we reverse the order of the Court of Common Pleas and remand for further proceedings.

We briefly recount the relevant factual and procedural history of this case, which has been more fully elucidated in our prior decisions in this matter. On November 28, 2011, Appellee was stopped by Philadelphia police officers following an attempted traffic stop and ensuing car chase.  As a result of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

incident, Appellee was charged with a felony count of fleeing or attempting to elude police and two misdemeanor counts of recklessly endangering another person ("REAP").[1]  Appellee was also cited for three summary violations of the Pennsylvania Vehicle Code ("VC"):  reckless driving, driving with a suspended license, and disregarding a steady red signal.[2]

On February 23, 2012, the summary traffic offenses matter proceeded to trial in Philadelphia Traffic Court, and Appellee was found guilty of disregarding a steady red signal, not guilty of driving with a suspended license, and the reckless driving charge was dismissed.  Following the resolution of the summary traffic offenses, Appellee filed in the Court of Common Pleas of Philadelphia County a motion to dismiss the felony and misdemeanor charges arising out of the November 28, 2011 incident.  On January 15, 2016, the Court of Common Pleas granted Appellee's motion, dismissing the charges with prejudice.  The Commonwealth then filed a timely appeal.

On September 21, 2017, this Court filed a memorandum decision reversing the Court of Common Pleas' order granting Appellee's motion to dismiss.  **See Commonwealth v. Cooper**, No. 566 EDA 2016 (Pa. Super. filed September 21, 2017) (unpublished memorandum).  Appellee filed a petition for allowance of appeal with our Supreme Court, and while the petition remained pending, the Court issued **Commonwealth v. Perfetto**, 207 A.3d

---

[1] 75 Pa.C.S. § 3733(a) and 18 Pa.C.S. § 2705, respectively.

[2] 75 Pa.C.S. §§ 3736(a), 1543(a), and 3112(a)(3)(i), respectively.

812 (Pa. 2019), holding that Section 110 precluded the Commonwealth from pursuing a driving under the influence ("DUI") prosecution in the General Division of Philadelphia Municipal Court after the defendant had already been tried on summary traffic offenses in the Traffic Division of that same court. On June 17, 2019, the Supreme Court granted Appellee's petition for allowance of appeal in this case, vacated our September 21, 2017 decision, and remanded for further proceedings consistent with **Perfetto**. **See Commonwealth v. Cooper**, 215 A.3d 2 (Pa. 2019) (*per curiam*).

On the initial remand from the Supreme Court, we again reversed the Court of Common Pleas' grant of Appellee's motion to dismiss. We distinguished **Perfetto**, where the summary traffic offenses and DUI charges could have been jointly tried in the General Division of Philadelphia Municipal Court, from this case where Appellee was tried on the summary traffic offenses in Philadelphia Traffic Court, prior to that court's June 19, 2013 abolition. Because Appellee's summary traffic offense could only have been brought in Philadelphia Traffic Court at the time of his trial and his felony and misdemeanor charges had to proceed in the Court of Common Pleas, we concluded that the compulsory joinder rule did not bar Appellee's subsequent felony and misdemeanor prosecution because it fell within the exception to the compulsory joinder rule set forth in Section 112(1) of the Crimes Code, 18 Pa.C.S. § 112(1). **See Commonwealth v. Cooper**, No. 566 EDA 2016 (Pa. Super. filed March 3, 2021) (unpublished memorandum at 7-9). In our prior decision, we relied on this Court's *en banc* opinion in **Commonwealth**

- 3 -

*v. Atkinson*, 245 A.3d 1140 (Pa. Super. 2021) (*en banc*), **vacated**, 252 A.3d 1078 (Pa. 2021) (*per curiam*) ("**Atkinson I**"), which involves a nearly identical factual predicate to the present case.

Appellant again petitioned our Supreme Court for allowance of appeal, and while the petition was pending our Supreme Court decided **Commonwealth v. Johnson**, 247 A.3d 981 (Pa. 2021). In **Johnson**, the Court addressed the Section 112(1) exception, which provides that "[a] prosecution is not a bar within the meaning of" Section 110 when "[t]he former prosecution was before a court which lacked jurisdiction over the defendant or the offense." 18 Pa.C.S. § 112(1). The Court in **Johnson** held that "the offense" as used in that statute "means the offense that was the subject of an initial prosecution resulting in conviction or acquittal." 247 A.3d at 987. The Court concluded that the Commonwealth was barred in that case from prosecuting the defendant on a possession with intent to deliver a controlled substance ("PWID") charge in the Court of Common Pleas of Philadelphia County after a summary trial in the Traffic Division of Municipal Court because the Traffic Division had jurisdiction over both the defendant and the summary traffic offense. *Id.* at 986-87. The Court noted that "[t]he ultimate purport [of its decision], with respect to the summary-and-greater-offenses paradigm, is that the Commonwealth must generally assure that known offenses are consolidated at the common pleas level, when they arise out of a single criminal episode and occur in the same judicial district." *Id.* at 987.

On August 25, 2021, our Supreme Court granted Appellee's petition for allowance of appeal in this matter, vacated our March 3, 2021 decision, and remanded for further proceedings consistent with **Johnson**. **See Commonwealth v. Cooper**, ___ A.3d ___, No. 123 EAL 2021 (Pa. filed August 25, 2021) (*per curiam*). The Court also vacated this Court's *en banc* decision in **Atkinson I**, and the *en banc* Court has now issued a further decision in that case addressing the application of the compulsory joinder rule following **Johnson**. **Commonwealth v. Atkinson**, ___ A.3d ___, 2021 PA Super 208 (filed October 19, 2021) (*en banc*) ("**Atkinson II**"). We did not order further briefing upon remand in this matter, **see** Pa.R.A.P. 2140, and we therefore address the issue the Commonwealth has consistently presented in this appeal: whether the Court of Common Pleas erred in granting Appellee's motion to dismiss the felony and misdemeanor charges based upon the compulsory joinder rule.

Our standard of review of a motion to dismiss on the basis of the compulsory joinder rule is *de novo*, and our scope of review is plenary. **Commonwealth v. Pammer**, 232 A.3d 931, 933 (Pa. Super. 2020). Section 110 of the Crimes Code provides as follows:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> > (1) The former prosecution resulted in an acquittal or in a conviction . . . and the subsequent prosecution is for:
>
> *     *     *

> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(1)(ii). As stated above, Section 112(1) provides an exception to the compulsory joinder rule, such that a "former prosecution" does not bar a subsequent prosecution that otherwise falls within the ambit of the compulsory joinder rule where the "prosecution was before a court which lacked jurisdiction over the defendant or the offense," with the "offense" being one that "was the subject of an initial prosecution resulting in conviction or acquittal." 18 Pa.C.S. § 112(1); *Johnson*, 247 A.3d at 987.

Upon review, we conclude that our *en banc* decision in **Atkinson II** is dispositive of this appeal. In **Atkinson II**, the defendant, Atkinson, was arrested in January 2013 and charged with DUI and the summary offense of disregarding a traffic device. **Atkinson II**, 2021 PA Super 208, at *3. On March 13, 2013, Atkinson was found guilty of the summary offense in the Traffic Court of Philadelphia. *Id.* The Commonwealth continued its prosecution of Atkinson on the DUI charge in the Criminal Trial Division of Municipal Court, and Atkinson filed a motion to dismiss based upon the compulsory joinder rule. *Id.* The Municipal Court denied the motion, and she sought relief in the Court of Common Pleas by means of a petition for writ of *certiorari*, which that court denied. *Id.*

In **Atkinson II**, this Court first discussed the jurisdiction over the prosecution of traffic offenses in Philadelphia, both before and after the abolition of the Traffic Court of Philadelphia:

In 1968, the Philadelphia Traffic Court was authorized and established under Article V, §§ 1 and 6(c) of the Pennsylvania Constitution and 42 Pa.C.S. §§ 301, 1321 of the Judicial Code. The Philadelphia Traffic Court was granted **exclusive** jurisdiction over all prosecutions for summary offenses arising under the [VC] and any related City Ordinance committed within the limits of the City. Neither the Criminal Trial Division of the Philadelphia Municipal Court nor the Philadelphia Court of Common Pleas had jurisdiction to try summary VC offenses. **See** 42 Pa.C.S. § 1123(a)(1) (Municipal Court had jurisdiction over "[s]ummary offenses, **except for those within the jurisdiction of the Traffic Court of Philadelphia**") (emphasis added); **see also id.** at § 1302(b) ("The jurisdiction of a traffic court . . . **shall be exclusive of the courts of common pleas**[.]") (emphasis added).

. . .

On June 19, 2013, the Traffic Court of Philadelphia was effectively abolished when the General Assembly restructured the Philadelphia Municipal Court, creating two administrative sections, the General Division and the Traffic Division. **See** Act 17 of 2013, P.L. 55, No. 17 (June 19, 2013). Thereafter, all Traffic Court responsibilities were transferred to the Municipal Court. **See** Pa. Const. Art. V, § 6(c) ("In the City of Philadelphia[,] there shall be a municipal court. The number of judges and the jurisdiction shall be as provided by law."). The restructuring transferred jurisdiction of all [VC] moving violations to the Municipal Court's new Traffic Division, which was overseen by the [Court of Common Pleas'] administrative judge for reforming the operations of the former traffic court. On April 26, 2016, the Pennsylvania Constitution was amended to fully eliminate the Philadelphia Traffic Court.

Like the Traffic Court, the newly-established Traffic Division of the Municipal Court also has jurisdiction over prosecutions for VC summary offenses and ordinances. **See** 42 Pa.C.S. § 1123(a)(9). However, unlike the Municipal Court that existed before the 2013

restructuring, the General Division of the Municipal Court exercises "full jurisdiction [] of the [M]unicipal [C]ourt under [section 1123(a),]" which includes those summary offenses under the jurisdiction of the Traffic Division. [*See Perfetto*, 207 A.3d at 823.] Therefore, while the Traffic Division's jurisdiction is limited to those offenses outlined in section 1123(a)(9), the prosecution of those offenses is not exclusive to that division, as they are able to be prosecuted in the General Division of the Municipal Court.

*Atkinson II*, 2021 PA Super 208, at *1-*2 (footnotes omitted; emphasis in original). In addition, at all times relevant to this appeal, the Municipal Court has had exclusive jurisdiction over criminal trials in Philadelphia where only misdemeanor offenses are charged. *See* 42 Pa.C.S. § 1123(a)(2), (b); 18 Pa.C.S. § 1104; Pa.R.Crim.P. 1001(A). On the other hand, the Court of Common Pleas of Philadelphia County has exclusive jurisdiction over felony trials, as well as cases in which a defendant is jointly tried on both misdemeanor and felonies charges. *See* 42 Pa.C.S. § 931(a); Pa.R.Crim.P. 1001(A).

After reviewing the Supreme Court's *Johnson* and *Perfetto* decisions— each of which involved prosecutions subsequent to the abolition of Philadelphia Traffic Court—the *Atkinson II* Court held that

the principles of compulsory joinder, as espoused in section 110 and the holdings of *Johnson* and *Perfetto*, are inapplicable to the facts of the instant case, and, thus, the Commonwealth is not prevented from proceeding with prosecution of Atkinson's DUI offense.

*Atkinson II*, 2021 PA Super 208, at *6. This Court explained that, while *Johnson* and *Perfetto* require that "known offenses are consolidated at the

common pleas [or Municipal Court] level," it was "simply impossible" to consolidate Atkinson's summary and DUI offenses "in **any** Philadelphia court [] at the time she was tried for her VC violation." **Id.** at *7 (quoting **Johnson**, 247 A.3d at 987) (some emphasis omitted).

> In March 2013, when Atkinson was prosecuted and found guilty of her summary offense, neither the Traffic Division nor the General Division of the Municipal Court existed. Indeed, at the time she was tried for her VC violation, the Traffic Court had **exclusive** jurisdiction over summary VC violations and Atkinson's VC offense could not be tried in either of the other two courts—the Philadelphia Municipal Court or the Philadelphia Court of Common Pleas. In other words, there was no other court in which Atkinson's summary traffic offense could have been brought and joined with her DUI.

**Id.** (citations omitted; emphasis in original).

> The **Atkinson II** Court continued:

> [T]he difference between **limited** jurisdiction (like that of the Traffic Division of the Municipal Court) and **exclusive** jurisdiction (like that of the Philadelphia Traffic Court) over summary traffic offenses is critical to the disposition of the instant case. Although in **Johnson**, **Perfetto**, and the current case, the courts that tried the defendants on their summary traffic violations lacked jurisdiction over the remaining greater offenses (PWID and DUI, respectively), this fact alone is not dispositive of whether the compulsory joinder rule applies. Rather, the fact that Johnson's and Perfetto's summary VC violations **could have been joined**, respectively, **in the common pleas court** (with the PWID charge) **and the General Division of the Municipal Court** (with the DUI offenses) is what drives the decision to apply compulsory joinder principles to those cases. Here, the Pennsylvania Constitution and Judicial Code prohibited Atkinson's summary VC offense from being brought and **tried in any other court** other than the then-extant Philadelphia Traffic Court. Thus, this case is not subject to compulsory joinder for the simple fact that the charges are incapable of being joined due to the jurisdictional exclusivity of the Traffic Court.

*Id.* at *8 (citations omitted; emphasis in original). Therefore, the Court in *Atkinson II* concluded that "neither *Johnson*, *Perfetto*, nor the compulsory joinder rules apply to mandate dismissal" and affirmed the Court of Common Pleas' denial of Atkinson's motion to dismiss. *Id.* at *9.

In the present case, the Commonwealth was similarly precluded from trying Appellee's summary VC offenses with the felony fleeing or attempting to elude police and misdemeanor REAP charges arising out of the same November 28, 2011 incident. At the time of Appellant's summary trial on February 23, 2012, the Philadelphia Traffic Court had **exclusive** jurisdiction over all VC summary offenses committed in Philadelphia. *See* 42 Pa.C.S. § 1302(a), (b) (effective January 31, 2005 to June 18, 2013); *Atkinson II*, 2021 PA Super 208, at *1, *7. Furthermore, Philadelphia Traffic Court's jurisdiction did not extend to trials of either misdemeanor or felony offenses. *See* 42 Pa.C.S. § 1302(a), (b) (effective January 31, 2005 to June 18, 2013); 42 Pa.C.S. § 1123(a)(1) (effective January 24, 2011 to June 18, 2013); *Atkinson II*, 2021 PA Super 208, at *7. Therefore, consolidation of Appellee's summary offenses with his misdemeanor and felony charges "in **any** Philadelphia court was simply impossible at the time [he] was tried for [his] VC violation." *Atkinson II*, 2021 PA Super 208, at *7.[3]

---

[3] As explained above, Appellee's misdemeanor and felony charges could only be tried together in the Court of Common Pleas. *See* 42 Pa.C.S. § 931(a); Pa.R.Crim.P. 1001(A). Even if the Commonwealth had decided to proceed solely on the misdemeanor charges in Municipal Court or on the felony charge

*(Footnote Continued Next Page)*

Accordingly, pursuant to **Atkinson II**, "the principles of compulsory joinder, as espoused in section 110 and the holdings of **Johnson** and **Perfetto**, are inapplicable to the facts of the instant case, and, thus, the Commonwealth is not prevented from proceeding with prosecution of" Appellee's misdemeanor and felony charges. **Atkinson II**, 2021 PA Super 208, at *6. The Court of Common Pleas thus erred in dismissing Appellee's fleeing or attempting to elude police officer and REAP charges.

Order reversed. Case remanded. Jurisdiction relinquished.

President Judge Panella joins this memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2021

_____

in the Court of Common Pleas, however, it would have been barred from consolidating the summary VC offenses with the proceedings in either of those courts at the time of the adjudication of Appellee's summary VC offenses. **See Atkinson II**, 2021 PA Super 208, at *7; **see also** 42 Pa.C.S. § 931(a); 42 Pa.C.S. § 1302(a), (b) (effective January 31, 2005 to June 18, 2013); 42 Pa.C.S. § 1123(a)(1) (effective January 24, 2011 to June 18, 2013).