J-S42015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HAROLD EDDINGS | : | |
| | : | |
| Appellant | : | No. 70 WDA 2022 |

Appeal from the Judgment of Sentence Entered December 13, 2021
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002544-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HAROLD EDDINGS | : | |
| | : | |
| Appellant | : | No. 71 WDA 2022 |

Appeal from the Judgment of Sentence Entered December 8, 2021
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002545-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HAROLD EDDINGS | : | |
| | : | |
| Appellant | : | No. 72 WDA 2022 |

Appeal from the Judgment of Sentence Entered December 8, 2021
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002546-2019

J-S42015-22

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:              **FILED: DECEMBER 19, 2022**

Harold Eddings appeals from the judgments of sentence in the three above cases after the trial court denied Appellant's motion to dismiss pursuant to the compulsory joinder rule codified at 18 Pa.C.S. § 110(1).  We affirm.

On February 14, 2017, Pennsylvania State Police Trooper Matthew Gavrish executed a search warrant for 406 3rd Street in Fayette County, Pennsylvania.[1]  During the search, officers seized 95.21 grams of cocaine, a stolen and loaded .40 caliber pistol, and drug paraphernalia consistent with testing, analyzing, and storing controlled substances.  Trooper Gavrish found Appellant in his bedroom, where he was detained without issue.  This event gave rise to charges at CP-26-CR-0002545-2019, hereinafter referred to as "incident number one."

Four months later, on June 17, 2017, Trooper Gavrish met with a confidential informant ("CI") to arrange the purchase of crack cocaine from Appellant.  Thereafter, Trooper Gavrish observed and positively identified Appellant as he met with the CI and handed the CI crack cocaine in exchange for an unspecified amount of funds.  This drug sale was later charged at CP-26-CR-0002544-2019, hereinafter referred to as "incident number two."

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  No notes of testimony were transcribed and included as part of the certified record.  Therefore, we have derived the facts from the affidavits of probable cause contained in the certified record.

- 2 -

On October 25, 2017, Trooper Gavrish conducted a controlled buy of illicit drugs from Appellant through a CI.[2] Almost two years later, on March 6, 2019, Appellant was arrested and charged at CP-26-0002373-2019 with possession with intent to distribute ("PWID"), possession of a controlled substance, and possession of drug paraphernalia. The October 2017 controlled buy, hereinafter referred to as "incident number three," is the subject of the prior prosecution that Appellant claims barred the prosecution that is the subject of this appeal.[3]

On March 7, 2019, Trooper Gavrish executed a search warrant for 406 3rd Street in Fayette County, the same residence searched pursuant to the 2017 warrant. During the search, officers seized a loaded and stolen Ruger P89 pistol, 87 grams of cocaine, 368 grams of marijuana, six THC cartridges, and multiple pieces of drug paraphernalia consistent with analyzing, packing, and storing controlled substances. The fruits of this search formed the basis for subsequent charges at CP-26-0002546-2019, which will hereinafter be referred to as "incident number four."

Charges pertaining to incidents one, two, and four were not filed until October 7, 2019, over one and one-half years after the complaint for incident

---

[2] As neither CI is named in the certified record, it is unclear whether both controlled buys involved the same or different individuals.

[3] Since incident number three is not the subject of this appeal we do not have access to the certified record for that appeal. Therefore, all facts relating to this incident have been gleaned from the court of common pleas docket sheet, the parties' appellate briefs, or references to the controlled buy in the certified records for incidents one, two, and four.

number three was filed, and one week before Appellant proceeded to a jury trial in that case.[4]  The jury empaneled for incident number three ultimately convicted Appellant of all charges and sentencing was deferred.

Following his conviction for incident number three, the Commonwealth filed notice of its intent to consolidate the prosecution of incident numbers one and four, the cases stemming from the execution of the two search warrants. The remaining controlled buy case, or incident number two, continued to proceed independently.  On January 7, 2021, the trial court sentenced Appellant to eighteen months to five years of incarceration for the convictions pertaining to incident number three.

On May 10, 2021, Appellant filed an omnibus pre-trial motion to dismiss the three remaining cases pursuant to the compulsory joinder rule in 18 Pa.C.S. § 110, claiming the three cases arose from the same criminal episode as the third incident, and the Commonwealth was aware of the charges at the time of his jury trial for incident number three.  **See** Omnibus Pretrial Motion, 1/25/21, at ¶ 27.  Appellant also alleged that the firearms offense charged in incident number one should be dismissed because the two-year statute of limitations had expired eight months before Appellant was charged.  **Id**. at

---

[4]  For incident number one, Appellant was charged with possession of a firearm, PWID, possession of a controlled substance, and possession of drug paraphernalia.  For incident number two, Appellant was charged with PWID, possession of a controlled substance, and possession of drug paraphernalia. For incident number four, Appellant was charged with possession of a firearm prohibited, two counts of PWID, receiving stolen property, three counts of possession of a controlled substance, and possession of drug paraphernalia.

¶ 39.  After holding a hearing on this motion, the court denied the motion for compulsory joinder, finding "no conduct arising from the same criminal episode . . . [because all the] cases involve[d] different dates and places.  Two cases result[ed] from searches and two result[ed] from drug buys.  Two cases include[ed] firearm charges, and two cases are solely drug charges."  Order, 7/16/21, at 1.  However, the court agreed with Appellant that the statute of limitations had run on the firearms offense and granted Appellant's motion to dismiss count one from incident one on that basis.  *Id*. at 2.

On September 9, 2021, Appellant proceeded to a jury trial for the charges pertaining to the incident number two.  At the conclusion of the trial, the jury convicted Appellant of all counts.  Sentencing was deferred.

On December 8, 2021, Appellant entered open guilty pleas for the remaining charges pertaining to incident numbers one and four.  The same day, Appellant proceeded to sentencing.  For PWID in incident number one, the trial court sentenced Appellant to serve five to ten years of incarceration concurrently with the sentence imposed at incident number three.  For incident number four, Appellant received an aggregate sentence of six to twelve years of incarceration to run concurrently with the sentences imposed at the other incidents.  Five days later, Appellant was sentenced for incident number two to twenty-one months to four years of incarceration concurrent to the sentences imposed at the other incidents.  Appellant did not file any post-sentence motions.  Instead, he submitted separate and timely notice of

appeals for incidents one, two, and four, which we consolidated. The parties have complied with the mandates of Pa.R.A.P. 1925.[5]

Appellant raises the following issue for our review: "Did the court err by denying [Appellant's] motion to dismiss based upon the compulsory joinder statute, when the events of the three cases arose from a single criminal episode, the same prosecuting officer was involved, and the same events were logically related to one another?" Appellant's brief at 4.

Preliminarily, we consider whether Appellant has preserved his claim for appellate review. It is well-established that "claims going to the compulsory joinder rule are waivable." *Commonwealth v. Dawson*, 87 A.3d 825, 827 (Pa. Super. 2014). However, a finding of waiver is disfavored "unless the defendant has taken some sort of affirmative action to separate the prosecutions pending against him." *Commonwealth v. Failor*, 770 A.2d 310, 314 (Pa. 2001).

First, Appellant pled guilty in two of the cases implicated in his claim. Generally, entry of a guilty plea results in the waiver of "all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the legality of the sentence imposed." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014) (cleaned up). However, our Supreme Court has held that, since "the burden to consolidate charges rests solely with the prosecution," a defendant's acquiescence to

---

[5] The trial court did not file a Pa.R.A.P. 1925(a) opinion, but instead directed our attention to the order denying Appellant's omnibus pretrial motion.

- 6 -

consolidation by pleading guilty does not lead by itself to waiver. **See Failor**, **supra** at 314-15. Accordingly, by pleading guilty, Appellant did not waive his appellate argument based upon the compulsory joinder rule.

Second, we note that the transcripts from the omnibus pretrial motion hearing, guilty plea hearing, and jury trial are not contained within the certified record. Moreover, there is no notation on the court of common pleas docket indicating that Appellant ordered or requested transcription of any testimony in the three cases that are the subject of this appeal. The parties do not cite any transcripts in their briefs and our own informal inquiries have not uncovered the existence of any transcripts. "[T]he Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal." **Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*) ("Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." (citing Pa.R.A.P.1911(a)). "When the appellant . . . fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." **Id**. (citation omitted). "It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts." **Id**. (citation omitted).

Appellant's sole issue on appeal requires a fact intensive analysis, examining the factual background of each charge in relation to the others to determine the temporal and logical relationship between the charges. *See Commonwealth v. Reid*, 77 A.3d 579, 582 (Pa. 2013); *see* 18 Pa.C.S. § 110(1)(ii). Thus, the absence of the omnibus pretrial motion on this topic, the guilty plea hearing, and the trial transcript hinders our review and we could find Appellant's claim waived for this reason. However, since our review of the appellate briefs revealed no factual disputes, we decline to find waiver on this basis, and proceed with our analysis utilizing the facts as gleaned from the certified record.

Appellant contends that, in view of his conviction for PWID at incident three, the compulsory joinder rule found in 18 Pa.C.S. § 110(1)(ii) barred his prosecution and convictions at incident numbers one, two, and four. *See* Appellant's brief at 11. "Our standard of review of a motion to dismiss on the basis of compulsory joinder principles pursuant to § 110 is *de novo*, and the scope of our review is plenary." *Commonwealth v. Pammer*, 232 A.3d 931, 933 (Pa.Super. 2020) (citation omitted).

The compulsory joinder rule states in relevant part:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction . . . and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense or the offense of which the defendant was formerly convicted or acquitted was a summary offense or a summary traffic offense.

18 Pa.C.S. § 110(1). Our Supreme Court has distilled this statute into a four-part test to determine if a prosecution is appropriately barred: (1) the former prosecution must have resulted in an acquittal or conviction; (2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution; (3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and (4) the current offense occurred within the same judicial district as the former prosecution. *See Commonwealth v. Perfetto*, 207 A.3d 812, 821 (Pa. 2019). "Each prong of this test must be met for compulsory joinder to apply." *Commonwealth v. Fthian*, 961 A.2d 66, 72 (Pa. 2008).

The parties do not contest establishment of the first, third, and fourth prongs.[6] Accordingly, Appellant focuses his analysis on whether the

_____

[6] Our review of the certified record confirmed the Commonwealth's concession as: at incident number three, Appellant was convicted of PWID and related charges on October 13, 2020; all charges stemmed from events that occurred within the same judicial district, namely Fayette County; and finally, the Commonwealth was aware of the current charges before the commencement of the trial for incident three. *See* Criminal Information 2544-2019 (listing
*(Footnote Continued Next Page)*

prosecution of the charges in the current cases were based on the same criminal conduct involved in the prior prosecution. *See* Appellant's brief at 11.

When considering whether offenses arose from a "single criminal episode," our Supreme Court has instructed us to look to the temporal and logical relationship between the charges. *Reid*, *supra* at 582; *see also* 18 Pa.C.S. § 110(1)(ii). The Court offered the following guidance in assessing the logical relationship between offenses:

> In ascertaining whether a number of statutory offenses are "logically related" to one another, the court should initially inquire as to whether there is a substantial duplication of factual, and/or legal issues presented by the offenses. If there is duplication, then the offenses are logically related and must be prosecuted at one trial. The mere fact that the additional statutory offenses involve additional issues of law or fact is not sufficient to create a separate criminal episode since the logical relationship test does not require "an absolute identity of factual backgrounds."

*Commonwealth v. Hude*, 458 A.2d 177, 181 (Pa. 1983). "[M]ere *de minimus* duplication of factual and legal issues is insufficient to stablish a logical relationship between offenses. Rather, what is required is a substantial duplication of issues of law and fact." *Commonwealth v. Bracalielly*, 658 A.2d 755, 761 (Pa. 1995) (internal citations omitted); *see also Reid*, *supra* at 585-86 (stressing the significance of a substantial duplication of issues of law and fact before a logical relationship can be found). Accordingly, our

---

the offense date as June 27, 2017), *see also* Criminal Information 2545-2019 (listing the offense date as February 14, 2017); *see also* Criminal Information 2546-2019 (listing the offense date as March 7, 2019).

determination "depends ultimately on how and what the Commonwealth must prove in the subsequent prosecution." *Reid*, *supra* at 585-86. "The single criminal episode analysis essentially considers the totality of the circumstances." *Commonwealth v. Schmidt*, 919 A.2d 241, 246 (Pa.Super. 2007). "Finally, in considering the temporal and logical relationship between criminal acts, [courts should be] guided by the policy considerations § 110 was designed to serve, which "must not be interpreted to sanction 'volume discounting[,]' [procedural maneuvering,] or . . . to label an 'enterprise' an 'episode.'" *Reid*, *supra* at 585-86 (citation omitted).

Appellant contends that a single criminal episode exists because the cases involved "substantially the same crimes," a single lead prosecuting officer, and were part of a single "ongoing investigation into Appellant's activities." *See* Appellant's brief at 9-11. Meanwhile, the Commonwealth alleges compulsory joinder was not appropriate here because the facts do not arise from a single criminal episode, but instead involve different witnesses, evidence, and legal questions. *See* Commonwealth's brief at 8. We agree with the Commonwealth that the certified record does not support the existence of a logical or temporal relationship between the offenses.

Herein, the "proof of each individual instance of possession and delivery in each county would not rest solely on the credibility of a single witness, but rather, would require the introduction of the testimony of completely different police officers and expert witnesses as well as the establishment of completely different chains of custody." *Bracalielly*, *supra* at 761. Although the same

affiant needed to testify at each proceeding, Appellant's charges were not based exclusively upon the testimony of Trooper Gavrish. Additional officers were involved in the execution of the two search warrants and CIs participated in the controlled buys.[7] Furthermore, while the controlled substances were submitted to the same laboratory, they were assigned separate lab report numbers on distinct dates and, thus, likely involved different medical experts and chains of custody. Therefore, despite a *de minimus* duplication of the factual issues and offense types, we do not find enough similarities between the offenses to consider them "logically related" to one another.

Additionally, we do not find that the temporal relationship between the offenses leads to the conclusion that they were part of the same criminal episode. Significantly, these incidents occurred over a two-year span with significant time gaps between offenses. **Compare Hude**, **supra** (holding that drug charges brought against the defendant were barred by a previous drug trial, because the former and current prosecution arose out of a series of twenty sales of marijuana to the same individual over a three-month period).

Ultimately, while many of the offenses are based on the same criminal statues, the offenses themselves involved different drugs and guns and occurred at different dates over a two-year span of time. The fact that Appellant accrued serial charges stemming from his illicit drug enterprise does

---

[7] The Commonwealth also suggests that at least one of the search warrant cases involved a cooperating co-defendant who testified against Appellant. **See** Commonwealth's brief at 9.

not render them the result of a single criminal episode.  **See Reid**, **supra** at 585-86.  Accordingly, because the offenses involved disparate factual and legal circumstances, we find that 18 Pa.C.S. § 110 did not bar the prosecution of Appellant's current charges.[8]

Judgments of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/19/2022

---

[8]  To the extent Appellant believes that the missing transcripts would have revealed a logical relationship among the offenses that we were unable to discern from the factual history available in the certified record, Appellant can pursue relief through the Post Conviction Relief Act.  **See** 42 Pa.C.S. §§ 9541-9546.